IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION
CIVIL ACTION NO.: 3:15-3353-JMC

| | | |
|---|---|---|
| JUSTIN BOLUS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | (Medical Malpractice) |
| PALMETTO HEALTH | ) | |
| ALLIANCE d/b/a | ) | |
| RICHLAND MEMORIAL | ) | JURY TRIAL DEMANDED |
| HOSPITAL, | ) | |
| THE UNIVERSITY OF | ) | |
| SOUTH CAROLINA | ) | |
| SCHOOL OF MEDICINE, | ) | |
| JEREMY M. REEVES, MD, | ) | |
| ALLYSON W. MOULTON, MD, | ) | |
| LAURA A. NOLTING, MD and | ) | |
| TIMOTHY BROOKS, MD | ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |

The Plaintiff, complaining of the Defendants, alleges and states as follows:

1. The Plaintiff Justin Bolus is a citizen and resident of the State of North Carolina.

2. The Defendant Palmetto Health Alliance is a business organized and existing pursuant to the laws of the State of South Carolina with its principal place of business located in Richland County, South Carolina. At all times relevant to the matters alleged herein, Palmetto Health was acting by and through its actual and apparent agents, servants and employees for whose conduct it is legally responsible.

3. The Defendant University of South Carolina School of Medicine is an agency or instrumentality of the State of South Carolina having its principal place of business located in Richland County, South Carolina. At all times relevant to the matters alleged herein, the School of Medicine was acting by and through its actual and apparent agents, servants and employees for whose conduct it is legally responsible. Additionally, at all times relevant to the matters alleged herein, the School of Medicine was acting as a joint venturer with Palmetto Health for the purpose of staffing medical professionals to work at Palmetto Health Richland Memorial Hospital and for the joint operation of the hospital facility through the mutual supervision and management of various medical care professionals, for all of whose conduct the School of Medicine and Palmetto Health are jointly responsible.

4. The Defendant Jeremy Reeves, MD is a citizen and resident of the State of South Carolina. At all times relevant to the matters alleged herein, Dr. Reeves had a physician-patient relationship with Justin Bolus.

5. The Defendant Allyson W. Moulton, MD is a citizen and resident of the State of Arkansas. At all times relevant to the matters alleged herein, Dr. Moulton had a physician-patient relationship with Justin Bolus.

6. The Defendant Laura A. Nolting, MD is a citizen and resident of the State of South Carolina. At all times relevant to the matters alleged herein, Dr. Nolting had a physician-patient relationship with Justin Bolus.

7. The Defendant Timothy Brooks, MD is a citizen and resident of the State of South Carolina. At all times relevant to the matters alleged herein, Dr. Moulton had a physician-patient relationship with Justin Bolus.

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332, in that this is a dispute between residents of different States and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

9. Venue of this action is this district and division is appropriate pursuant to 28 U.S.C. §1391 in that a substantial portion of the events giving rise to the Plaintiff's claims occurred in Columbia, South Carolina and this is the district and division where all but one of the Defendants reside or transact business.

10. Prior to commencing this action, the Plaintiff filed and served a Notice of Intent to File Suit including an Affidavit of Merit subsequent to which the parties to this action participated in a pre-suit mediation, so that all state statutory pre-conditions to the bringing of this action have been satisfied.

11. On September 7, 2012, Justin Bolus went to the emergency department at Palmetto Health Richland Memorial Hospital with complaints of abdominal pain and vomiting.

12. Mr. Bolus was seen and evaluated in the emergency department by a variety of medical personnel including but not limited to Dr. Nolting and Dr. Brooks.

13. These medical care providers' workup was interpreted by Dr. Nolting and Dr. Brooks as suggesting Mr. Bolus potentially had a small bowel obstruction. They asked for a surgical consult from Dr. Reeves and Dr. Moulton, the former of whom was supervising the latter in her role as a medical resident.

14. Dr. Reeves reviewed Mr. Bolus' situation and developed a differential diagnosis which included: (a) volvulus; (b) internal hernia; or (c) mass/pathology of the small intestine.

15. From aongst these alternatives, Dr. Reeves determined to treat Mr. Bolus for volvulus and thereupon with the assistance of Dr. Moulton and others performed abdominal surgery on Mr. Bolus. The surgery ultimately failed to identify a volvulus, a hernia or any mass/pathology.

16. About a week after this surgery, Mr. Bolus developed excruciating lower right abdominal pain. He was admitted to the Medical University of South Carolina (MUSC) on September 16, 2012 where he was diagnosed with a small bowel perforation most likely attendant to the earlier surgery performed by Dr. Reeves.

17. Mr. Bolus underwent surgical repair of the small bowel perforation followed by a second surgery to wash contaminants out his abdominal cavity. These surgical procedures necessitated a ten day hospitalization at MUSC.

18. Mr. Bolus did not have any of the medical conditions for the treatment of which Dr. Reeves recommended and performed the initial abdominal surgery. Instead, Dr. Reeves and the other medical care providers working with him at Richland Memorial Hospital misdiagnosed Mr. Bolus' condition and then compounded their error by performing an unnecessary surgery during which Mr. Bolus' intestinal continuity was compromised with resulting

serious adverse consequences including two additional surgeries.

19. Mr. Bolus suffered various physical and psychological injuries as a result of these events, including the loss of his health, his ability to live and enjoy his life, and his ability to engage in his normal activities. Mr. Bolus also incurred tremendous medical expense in connection with his hospitalizations and surgeries. Mr. Bolus has a very large scar running the length of his abdomen.

20. All of the harms and losses suffered by Mr. Bolus are the direct and proximate result of the negligent, grossly negligent, willful, wanton and reckless actions and conduct of the Defendants, combining and contributing together, in the following particulars to wit:

    a. in failing to order and have performed the tests necessary and appropriate to the correct diagnosis of Mr. Bolus' condition;

    b. in failing to properly, accurately and correctly diagnose Mr. Bolus' condition;

    c. in recommending and performing a surgical procedure which was unnecessary to the treatment of Mr. Bolus' condition;

    d. in such other particulars as the evidence through discovery and trial may otherwise tend to prove or suggest.

21. Mr. Bolus is entitled to recover actual and punitive damages from the Defendants, jointly and severally, in an amount to be determined by the trier of fact.

WHEREFORE the Plaintiff Justin Bolus prays for judgment against the Defendants, jointly and severally, in an amount of actual and punitive damages to be determined by the trier of fact, together with the costs of this action; and for such further legal and equitable relief as the Court deems just and proper.

BY: S/ Robert B. Ransom
Robert B. Ransom, #4872
LEVENTIS & RANSOM
Post Office Box 11067
Columbia, SC 29211
(803) 765-2383
bertcone@aol.com

ATTORNEYS FOR THE PLAINTIFFS